IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

CARLOS DIAZ,

        Plaintiff,

v.                                  No. CIV 99-1371 BB/DJS

STATE OF NEW MEXICO, NEW
MEXICO STATE POLICE,
DEPARTMENT OF PUBLIC
SAFETY, and OFFICER PAUL
TASHASH, Individually, Jointly and
Severally,

        Defendants.

MEMORANDUM OPINION
GRANTING SUMMARY JUDGMENT

THIS MATTER is before the Court on Defendants' Motion for Summary

Judgment, and the Court having considered the briefs and affidavits submitted,

FINDS the motion well taken and it will be Granted.

*Discussion*

I.    *Facts*

While monitoring the traffic on State Road 44, New Mexico State Police

Officer Paul Tashash clocked Plaintiff on his radar traveling at 75 miles per hour

in a 65 mile per hour zone.  Officer Tashash engaged his emergency equipment and pulled Plaintiff over.  When using radar, Officer Tashash begins tracking vehicles approximately two miles away.  From such distance, there is no way for him to observe the particular driver and thereby to determine the driver's race or ethnic background.  Moreover, Plaintiff's vehicle had tinted windows, so it was difficult to see the occupants, even at very close range.

Plaintiff claimed to have previously been a deputy sheriff and appeared to thoroughly understand his options at the time the citation was issued.  Officer Tashash issued Plaintiff a speeding citation, and Plaintiff elected to take a penalty assessment and not appear in court to challenge the citation.  By electing the penalty assessment, Plaintiff acknowledged his guilt for the speeding offense. Rather than appearing intimidated or harassed during the encounter, Plaintiff shook hands with Officer Tashash before driving away.

II.    *Analysis*

A.    Plaintiff's Claims Against the State Entity Defendants and Defendant Tashash in his Official Capacity Must be Dismissed

The language of 42 U.S.C. §§ 1985 and 1986 precludes certain actions by "persons."  However, neither the state nor its agencies qualify as "persons" under 42 U.S.C. §§ 1985 and 1986.  *See Ellis v. University of Kansas Medical Center*, 163

F.3d 1186, 1196 (10th Cir. 1998); *Coffin v. South Carolina Dep't of Social Servs.*, 562 F. Supp. 579, 585 (D.S.C. 1983).  Because Congress did not abrogate state's Eleventh Amendment immunity when it enacted 42 U.S.C. §§ 1985 and 1986, the Eleventh Amendment bars Plaintiff's suit against New Mexico and it agencies in the federal courts.  *Id.*  Nor is a state or a state official acting in his official capacity a "person" within the meaning of § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Therefore, Plaintiff's complaint fails to state any claims upon which relief could be granted against either the State Entities or Defendant Tashash in his official capacity, so such claims must be dismissed.  This leaves only the claims against Defendant Tashash individually.

> **B.**   **Plaintiff Fails to Raise Questions of Material Fact Under 42 U.S.C. § 1983**

A complaint under Section 1983 must allege facts demonstrating that:  (1) a federal right was violated and (2) the deprivation was caused by a person acting "under color of state law."  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Hoyston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991).  Issuing a citation for speeding, even under an inapplicable statute,,is not actionable under 42 U.S.C. § 1983.  *Gabbard v. Rose*, 359 F.2d 182, 185 (6th Cir 1966).  In spite of the fact Plaintiff admitted to speeding, he alleges that the reason that he was stopped was

his African American race.   Plaintiff further alleges that Officer Tashash "demonstrated excessive bias, prejudice and discrimination" based on Plaintiff's race.  To support this claim, Plaintiff simply alleges that he "was picked from a string of automobiles in front and back of the Plaintiff."  No other details of the alleged bias, prejudice and discrimination are provided.  *See* Compl. at ¶ 9.  This is insufficient to withstand Defendants' affidavit.  *Breidenbach v. Bolish*, 126 F.3d 1288, 1293 (10th Cir. 1997) (plaintiff is held to a higher standard of pleading on a doctrine of qualified immunity has been raised, and "bare allegations of a constitutional violation" will not survive a motion to dismiss); *Washington v. Vogel*, 880 F. Supp. 1542 (M.D. Fla. 1995), *aff'd*, 106 F.3d 415 (11th Cir. 1997); *Chavez v. Illinois State Police*, 27 F. Supp. 2d 1053, 1067 (N.D. Ill. 1998).  Since there is no genuine issue of material fact with respect to Plaintiff's claims against Officer Tashash under 42 U.S.C. § 1983, Officer Tashash is also entitled to summary judgment as an individual.

C.    **Plaintiff's Claims Under 42 U.S.C. §§ 1985 and 1986**

By its very terms, 42 U.S.C. § 1985 requires a conspiracy between "two or more persons."  However, the only person alleged in Plaintiff's complaint to have done anything wrong is Officer Tashash.  Since Officer Tashash is not alleged to

4

have conspired with anyone else, Plaintiff's conspiracy claims under 42 U.S.C. § 1985 must be dismissed.  *See, e.g., Koch v. Mirza*, 869 F. Supp. 1031 (W.D.N.Y. 1994).  Since a claim can be stated under 42 U.S.C. § 1986 only if the complaint states a valid claim under 42 U.S.C. § 1985, *see, e.g., McCalden v. California Library of Assoc.*, 955 F.2d 1214, 1223 (9th Cir. 1990), *cert. denied*, 504 U.S. 957 (1992), Plaintiff's § 1986 claim also must be dismissed.

D.      **Plaintiff's Claims Under 18 U.S.C. §§ 241 and 1505**

Plaintiff also alleges claims under 18 U.S.C. §§ 241 and 1505.  Each of these statutes is a criminal statute with no provision for a private cause of action. *See, e.g., Fiorino v. Turner*, 476 F. Supp. 962, 963 (D. Mass. 1979); *Brown v. Duggan*, 329 F. Supp. 207 (W.D. Pa. 1971).  Therefore, Plaintiff's claims under 18 U.S.C. §§ 241 and 1505 should be dismissed with prejudice.

E.      **Plaintiff's New Mexico Tort Claims Act Allegations**

Finally, Plaintiff purports to state a claim under New Mexico tort law for "infliction of severe emotional distress."  However, in order to pursue a tort claim against a New Mexico government employee, Plaintiff must prove the New Mexico Tort Claims Act authorizes relief.  NMSA 1978 § 41-4-1 *et seq.*  Under that Act, Plaintiff must demonstrate he qualifies for one of the specific exceptions

5

to the general rule of sovereign immunity. *Board of County Comm'rs v. Risk Mgt. Div.*, 899 P.2d 1132 (N.M. 1995). Nor has Plaintiff demonstrated the necessary compliance with the notice provisions of the Act. NMSA 1978 § 41-4-16 (1996 Repl. Pamp.). Finally, Plaintiff makes no attempt to answer the Eleventh Amendment objections raised by Defendants. *See Ward v. Presbyterian Healthcare Servs.*, 72 F. Supp. 2d 1285, 1289-90 (D.N.M. 1999); *Flores v. Long*, 926 F. Supp. 166, 167-68 (D.N.M. 1995), *app. dismissed*, 110 F.3d 730 (10th Cir. 1997). Since summary judgment is being granted on Plaintiff's federal claims, the Court would decline to retain this claim in any event. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999); *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). This claim will be dismissed without prejudice.

Finally, Plaintiff alleges summary judgment is premature because he has had insufficient time to conduct discovery on Defendants' affidavit or defenses. Since Plaintiff has had well over a year to conduct discovery and taken no such action, the Court cannot continue to entertain Plaintiff's assertions in the absence of facts. *Thomas v. Stone Container Corp.*, 922 F. Supp. 950 (S.D.N.Y. 1996); *Flanders v.*

*Medeiros, Inc. v. Bogosiau*, 868 F. Supp. 412 (D.R.I. 1994), *aff'd in part*, 65 F.3d 198 (1st Cir. 1995).

An order consistent with this opinion shall be filed herewith.

Dated at Albuquerque this 12th day of January, 2001.

BRUCE D. BLACK
United States District Judge

Plaintiff pro se:
 Carlos Diaz, Albuquerque, NM

Counsel for Defendant:
 Barbara Pryor, McCary, Wilson & Pryor, Albuquerque, NM